UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

IN RE BANK OF AMERICA CORP.          :
SECURITIES, DERIVATIVE AND
EMPLOYMENT RETIREMENT INCOME         :
SECURITY ACT (ERISA) LITIGATION
                                     :
- - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:            :

- - - - - - - - - - - - - - - - - -x

STEVEN SKLAR,                        :

                   Plaintiff,        :

         - against -                 :

BANK OF AMERICA CORP. et al.,        :

                   Defendants.       :

- - - - - - - - - - - - - - - - - -x

         AND RELATED CASES           :

- - - - - - - - - - - - - - - - - -x

No. 09 MDL 2058 (DC)

**OPINION**

No. 09 Civ. 580 (DC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  06/30/09

**APPEARANCES:**         (See last page)


**CHIN, District Judge**

         Before this Court are thirty cases relating to the
merger of Bank of America Corporation ("BofA") with Merrill Lynch
& Co., Inc. ("Merrill Lynch") and public disclosures made in
connection with the transaction.  These putative class actions
include:  (1) actions based on alleged violations of the
securities laws, including Sections 10(b) and 14(a) of the
Securities Exchange Act of 1934 (the "Exchange Act") and Rules
10b-5 and 14a-9 thereunder, respectively (the "securities

actions");[1] (2) derivative actions alleging violations of common law fiduciary duties and Section 14 of the Exchange Act (the "derivative actions");[2] and (3) actions asserting claims under the Employee Retirement Income and Security Act ("ERISA") on behalf of participants in the BofA 401(k) plan that held investments in BofA stock (the "ERISA actions").[3]

Motions have been made pursuant to Rule 42(a) of the Federal Rules of Civil Procedure for the consolidation of the

---

[1]    The securities actions include: Sklar v. Bank of America Corp., No. 09 Civ. 580; Finger Interests Number One, Ltd. v. Bank of America Corp., No. 09 Civ. 606; Fort Worth Employees' Retirement Fund v. Bank of America Corp., No. 09 Civ. 638; Palumbo v. Bank of America Corp., No. 09 Civ. 740; Zitner v. Bank of America Corp., No. 09 Civ. 881; Stabbert v. Bank of America Corp., No. 09 Civ. 928; Welikson v. Bank of America Corp., No. 09 Civ. 1463; West Palm Beach Firefighters' Pension Fund v. Bank of America Corp., No. 09 Civ. 1612; Fauerbach v. Bank of America, No. 09 Civ. 1941; and Raphael v. Bank of America Corp., No. 09 Civ. 2350. Two additional actions were transferred to this Court on June 10, 2009 for coordinated or consolidated pretrial proceedings by the Panel on Multidistrict Litigation: Cromier v. Bank of America Corp., No. 09 Civ. 5410 and Bahnmaier v. Bank of America Corp., No. 09 Civ. 5411. (See Transfer Order).

[2]    The derivative actions include: Louisiana Municipal Police Employees Retirement System v. Lewis, No. 09 Civ. 808; Waldman v. Lewis, No. 09 Civ. 834; Hollywood Police Officers' Retirement System v. Lewis, No. 09 Civ. 1174; Siegel v. Lewis, No. 09 Civ. 1331; Smith v. Lewis, No. 09 Civ. 1333; Lehmann v. Lewis, No. 09 Civ. 1434; Young v. Lewis, No. 09 Civ. 1561; Anderson v. Lewis, No. 09 Civ. 1572; West Palm Beach Firefighters Pension Fund v. Lewis, No. 09 Civ. 2581; and Westmoreland County Employee Retirement System v. Lewis, No. 09 Civ. 2609.

[3]    The ERISA actions include: Dailey v. Bank of America Corp., No. 09 Civ. 851; Wilson v. Bank of America Corp., No. 09 Civ. 880; Adams v. Bank of America Corp., No. 09 Civ. 914; Wright v. Bank of America Corp., No. 09 Civ. 1056; Stricker v. Bank of America Corp. Corporate Benefits Committee, No. 09 Civ. 1177; Gilliam v. Bank of America Corp., No. 09 Civ. 1606; Alvarez v. Bank of America Corp., No. 09 Civ. 2389; and Calibuso v. Bank of America Corp., No. 09 Civ. 2674.

cases into three consolidated actions:  securities actions;
derivative actions; and ERISA actions.  Motions have also been
made for the appointment of lead plaintiff and lead counsel in
each of the three sets of actions, pursuant to 15 U.S.C. § 78u-
4(a)(3)(B) and Fed. R. Civ. P. 23.

For the reasons set forth below, the securities actions
are consolidated, the group known as the Public Pension Funds is
appointed lead plaintiff in the securities actions, and its
choice for lead counsel is approved.  The derivative actions are
also consolidated, the group known as the Institutional Group is
appointed interim lead plaintiff, and its attorneys Kahn Swick &
Foti ("KSF")[3] and Saxena White P.A. ("Saxena White") are
appointed interim co-lead counsel.  Finally, the ERISA actions
are also consolidated and the law firms of Harwood Feffer LLP
("Harwood Feffer"), Squitieri & Fearon, LLP ("Squitieri &
Fearon"), and Hagens Berman Sobol Shapiro LLP ("Hagens Berman")
are appointed interim co-lead counsel.  All other motions pending
before the Court related to these actions are denied.

## BACKGROUND

### A.   The Facts

All the actions arise from BofA's recent merger with
Merrill Lynch and allege the same core set of facts.

On September 15, 2008, BofA announced an agreement (the
"Agreement") to merge with Merrill Lynch in a $50 billion all

---

[3]   Kahn Swick & Foti was formerly known as Kahn Gauthier &
Swick, LLC.

stock transaction (the "Merger"). Discussions between BofA and Merrill Lynch about the Merger had commenced only a short while before the Agreement was announced. The terms of the Merger were set forth in a Joint Proxy Statement (the "Proxy Statement") filed with the U.S. Securities and Exchange Commission (the "SEC") on November 3, 2008, and mailed to all BofA shareholders of record as of October 10, 2008. The Proxy Statement incorporated by reference documents filed by BofA and Merrill Lynch with the SEC, including Quarterly Reports on Form 10-Q and Current Reports on Form 8-K. The Proxy Statement (and documents incorporated by reference) are alleged to have understated, concealed, or otherwise failed to disclose Merrill Lynch's true financial condition.

BofA shareholders approved the Merger following a vote held December 5, 2008. Pursuant to the terms of the Agreement, Merrill Lynch shareholders would receive 0.8595 shares of BofA stock for each of their shares, representing a value of approximately $29 per Merrill Lynch share. The transaction closed on January 1, 2009. Before the transaction closed, however, BofA officers and directors are alleged to have learned about Merrill Lynch's heavy 2008 losses and the deterioration of its financial condition, but failed to disclose such information or supplement or amend the Proxy Statement. BofA and Merrill Lynch officers and directors are also alleged to have paid themselves substantial bonuses. BofA required additional funding and financial guarantees from federal government officials to complete its acquisition of Merrill Lynch.

- 4 -

Facts regarding Merrill Lynch's dire financial
condition began to emerge in January 2009. Following these
disclosures, the market price of BofA common stock fell to $5.10
per share as of January 20, 2009, a decline of 50 percent from
the prior week.

## B.   The Securities Actions

The securities actions assert two primary legal claims:
(1) violations of Section 14(a) of the Exchange Act, 15 U.S.C. §
78n(a), and (2) violations of Sections 10(b) of the Exchange Act,
15 U.S.C. § 78j(b).[5]

Plaintiffs' claims under Section 14(a) are brought on
behalf of persons who owned BofA shares on the October 10, 2008
record date and were entitled to vote on the Merger. Plaintiffs
allege that the Proxy Statement setting forth the terms of the
Merger "contained material misrepresentations and omitted to
disclose true facts relevant to the Merger," including material
facts about Merrill's business, financial condition, and the
substantial risks associated with Merrill's assets. (Sklar
Compl. ¶¶ 2, 49).

The Section 10(b) claims are brought on behalf of
persons who purchased or otherwise acquired BofA stock during the
alleged class period. Plaintiffs allege that BofA and its
officers made false and/or misleading statements about the
financial health of BofA and Merrill, such that class members
paid artificially inflated prices for BofA common stock.

---

[5]    Some actions allege claims under only Section 14(a) or
Section 10(b); others allege claims under both statutes.

C.   The Derivative Actions

The derivative actions are brought under Federal Rule of Civil Procedure 23.1 on behalf of BofA.  Some of them are also brought derivatively on behalf of Merrill Lynch.  The actions name BofA officers and directors as defendants; some also name as defendants Merrill Lynch officers and directors and financial services firms who provided advisory services related to the merger.  Defendants are alleged to have breached their fiduciary duties to their respective company and/or aided and abetted one another in breaching their fiduciary duties.  Plaintiffs also bring related common law claims for, inter alia, unjust enrichment and waste of corporate assets, as well as claims under Sections 14(a) and 10(b) of the Exchange Act.

D.   The ERISA Actions

The ERISA actions are brought pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, against fiduciaries of the BofA 401(k) Plan (the "Plan"), which covers all BofA and BofA subsidiary employees.  Plaintiffs allege that the Plan's fiduciaries invested in BofA common stock, even though they knew or should have known that the financial health of BofA was at serious risk due to its acquisition of Merrill Lynch and its January 2008 acquisition of the fast-deteriorating Countrywide Financial Corporation.  Plaintiffs bring claims for breach of various fiduciary duties under ERISA Sections 404 and 405.

Plaintiff Judy Calibuso also raises claims under Sections 404 and 405 related to BofA's Pension Plan.  Pension

Plan benefits are based on a hypothetical account tied, in part, to hypothetical "investment credits."  Participants determine how to invest their hypothetical investment credits.  Calibuso alleges that BofA has a conflict of interest with respect to the Pension Plan because its funding obligation depends on participants' selection of hypothetical investments.  She also claims that Pension Plan fiduciaries have a "heightened duty" -- which they breached -- to ensure the Pension Plan offered "prudent hypothetical investment options."  (Calibuso Compl. ¶¶ 50-60).

## DISCUSSION

### A.  **Consolidation**

Consolidation is appropriate where there are actions involving "common question[s] of law or fact" pending before the Court.  See Fed. R. Civ. P. 42(a).

Here, separate consolidation of the securities actions, derivative actions, and ERISA actions is appropriate.  Defendants and movant plaintiffs all seek consolidation, and no opposition to consolidation has been received.  Within each of the three sets of cases, the cases involve common questions of law and fact sufficient to warrant consolidation.  Judicial convenience and economy will be promoted by consolidation; it will also avoid unnecessary costs to the parties.  See Johnson v. Celotex Corp., 899 F. 2d 1281, 1284-85 (2d Cir. 1990); In re Bear Stearns Cos., Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig., No. 08 MDL 1963 (RWS), 2009 WL 50132, at *4 (S.D.N.Y. Jan. 5,

2009). Though the different cases within each set of cases are not identical, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). Accordingly, the securities actions, the derivative actions, and the ERISA actions will be consolidated into three separately consolidated cases. Future cases raising common questions of law and fact filed in this Court or transferred to this Court will also be consolidated into the appropriate consolidated case.

## B. **Lead Plaintiff and Lead Counsel In The Securities Actions**

### 1. **Applicable Law**

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires the court to appoint a "lead plaintiff" in private securities class actions who is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). This provision of the PSLRA was intended to ensure that parties with "significant financial interests in the litigation" would oversee securities class actions and control the management of such suits, including the selection of counsel. In re McDermott Int'l Sec. Litig., No. 08 Civ. 9943 (DC), 2009 WL 579502, at *1 (S.D.N.Y. Mar. 6, 2009).

Determination of the "most capable" class representative entails a two-step process.  First, the PSLRA sets forth a rebuttable presumption that "the most adequate plaintiff" is "the person or group of persons" who or that (a) has either filed the complaint or made a motion for appointment as lead plaintiff, (b) has "the largest financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In deciding which proposed lead plaintiff has "the largest financial interest in the relief sought by the class," courts consider four factors:  "(i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss."  In re McDermott Int'l, 2009 WL 579502, at *2; see also In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002).

As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.  Kaplan, 240 F.R.D. at 94; In re Initial Pub. Offering, 214 F.R.D. at 121.

Second, other members of the purported class may try to rebut the statutory presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of "unique defenses."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court has the discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by the members of a group of investors.  See Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 391-92 (S.D.N.Y. 2008) (discussing when courts have permitted group of investors to be appointed lead plaintiff).

   2.   **Application**

        a.   **Presumptive Lead Plaintiff**

        The following putative class members have timely moved for appointment as lead plaintiff:

        -- The California Public Employees' Retirement System and the California State Teachers' Retirement System (together, the "California Funds"); they are represented by Grant & Eisenhofer PA;

        -- The Central States, Southeast and Southwest Areas Pension Fund and the West Virginia Investment Management Board (together, the "Institutional Investor Group"); they are represented by Coughlin Stoia Geller Rudman & Robbins;

        -- The State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teachers Retirement System of Texas, Stichting Pensioenfonds Zorg en Wilzijn, represented by PGGM Vermongensbeheer B.V. and Fjarde AP-Fonden (together, the "Public Pension Funds"); they are represented by three law firms, Bernstein Litowitz Berger & Grossman LLP ("Bernstein Litowitz"), Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and Barroway Topaz Kessler Meltzer & Check LLP ("Barroway Topaz"); and

-- Finger Interests Number One, Ltd. ("Finger
Interests"), represented by Susman Godfrey LLP.

Of the lead plaintiff movants, the Public Pension Funds
have the largest financial interest.  Their interest is certainly
greatest under the four objective factors commonly used by
courts:  gross number of shares purchased, net number of shares
purchased, net funds spent, and net loss.  The Public Pension
Funds purchased a gross number of 20,734,391.75 BofA shares and a
net number of 15,051,110.99 shares from July 21, 2008 to January
20, 2009, the longest class period identified.  (See Fox Decl.
Exs. F, G, H, I, J).  They spent $259,745,374 and claim losses of
approximately $273.5 million under the first-in, first-out
("FIFO") calculation method and $222.7 million under the last-in,
first-out ("LIFO") calculation method.  (Id.).  The movants with
the next-highest number of shares purchased are the California
Funds, who purchased a gross number of 18,103,449 shares and a
net number of 9,330,506 shares during the Class Period.  (See
Levine Decl. Exs. B, C, D, E).  The California Funds'
expenditures and losses are also smaller than the Public Pension
Funds; they spent $149,273,141 and claim an approximately $260
million FIFO loss and an approximately $98.1 million LIFO loss.[6]
(Id.).

In addition, the Public Pension Funds held around 34.4
million shares of BofA stock as of the October 10, 2008 record

---

[6]     The numbers are approximate as the California Funds
reference different FIFO loss figures in their motion papers, all
in the $260-269 million range.

date, and they held 31 million shares eligible to be voted on the
merger.  (Supp. Fox Decl. Ex. A).  The number of shares held is
another factor that may be considered in gauging the movants'
financial interest in the Section 14(a) claims.  See Zucker v.
Zoran Corp., No. 06 Civ. 4843 (WHA), 2006 WL 3591156 at *3 (N.D.
Cal. Dec. 11, 2006).  Although the California Funds note that
they held approximately four million more shares of BofA common
stock as of the record date (Cal. Funds Reply at 7), the Public
Pension Funds' holdings were still substantial and support the
determination that they have the largest financial interest in
the litigation.  Finger Interests, which seeks appointment as a
niche lead plaintiff for the Section 14(a) plaintiffs only, owned
only 1,064,711 BofA shares as of the record date.

          At this stage of the litigation, the Public Pension
Funds also "satisf[y] the requirements of Rule 23 of the Federal
Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I),
as they have made a preliminary showing that they can meet the
adequacy and typicality requirements of Rule 23.  Their claims
"arise[] from the same course of events" and they make "similar
legal arguments to prove the defendant[s'] liability" as the
other putative class members.  In re Bear Stearns, 2009 WL 50132,
at *8 (defining standard for typicality).  Like other putative
members of the class, the Public Pension Funds were entitled to
vote on the merger between BofA and Merrill Lynch, and they had
purchased or otherwise acquired BofA securities at prices
allegedly inflated by defendants' materially false and misleading

statements and/or omissions.  As a result their claims are typical in that they allege material misstatements and/or omissions made by defendants related to the merger, and they share an interest in establishing defendants' liability and achieving the maximum amount of recovery.  See also In re Drexel Burnham Lambert Group, 960 F.2d 285, 291 (2d Cir. 1992) (the availability of different sources of recovery for class members does not destroy typicality); In re Bear Stearns, 2009 WL 50132, at *8 (some factual differences will not destroy typicality "as similarity of legal theory may control even in the face of differences of fact").

        The Public Pension Funds also satisfy the adequacy requirement, as they have the greatest financial interest in the outcome of the case, their interests appear to be otherwise aligned with those of the putative class, and they have retained competent and experienced counsel.  See Kaplan, 240 F.R.D. at 94 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.").  Moreover, the group is comprised of large public pension funds in the United States and Europe; they are thus the type of sophisticated institutional investors envisioned by Congress in the enactment of the PSLRA.  See Ferrari v. Impath, Inc., No. 03 Civ. 5667 (DAB), 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004).

             The California Funds and the Institutional Investors
Fund argue that the Public Pension Funds are not a proper group
of plaintiffs, claiming that the group is a lawyer-driven
creation assembled to establish the largest financial interest in
the litigation.  I disagree.  The Public Pension Funds have shown
that they are able to "function cohesively and to effectively
manage the litigation apart from their lawyers."  Varghese, 589
F. Supp. 2d at 392; see also Hevesi v. Citigroup Inc., 366 F.3d
70, 83 n.13 (2d Cir. 2003) ("[T]he role of the lead plaintiff is
to empower investors so that they -- not their lawyers --
exercise primary control over private securities litigation.").
They have submitted declarations demonstrating cooperative
efforts among the funds.  (See Fox Decl. Ex. L; Supp. Fox Decl.
Ex. A).  Representatives from the different funds have discussed
their decision to act jointly in the case and have made plans for
joint oversight over the litigation and joint supervision of
counsel, including implementing protocols for regular
communication among members and with counsel.  (Id.).  The funds
also each have internal personnel to represent them in the group
and have met in person and on conference calls.  (Id.).  Such
demonstrated cooperation among plaintiffs, particularly
plaintiffs that are sophisticated institutional investors,
satisfies concerns about designating groups as lead plaintiffs
that are in fact dominated by counsel.  Cf. In re McDermott
Int'l, 2009 WL 579502, at *5 (rejecting proposal to appoint co-
lead plaintiffs because plaintiffs had not "provided the Court

with any evidence of their pre-litigation relationship, their past cooperation, or any plans for future cooperation"); In re Tarragon Corp. Sec. Litig., No. 07 Civ. 7972 (PKC), 2007 WL 4302732, at **1-2 (S.D.N.Y. Dec. 6, 2007) (rejecting groups because there was "no showing that the members of either 'group' have, in fact, functioned as a group"). Although the members of the Public Pension Funds may not have functioned as a group in the past, for purposes of this litigation, it is clear they have functioned as a group and intend to continue to do so.

Groups of plaintiffs are specifically permitted by the PLSRA to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i) (courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members") (emphasis added). Because they have established their ability to act independent of counsel, the Public Pension Funds are a proper group and are presumptive lead plaintiffs.

### b.   Rebutting the Presumption

The statutory presumption in favor of the Public Pension Funds is not rebutted. None of the other movants for appointment as lead plaintiff have shown that the Public Pension Funds will not fairly and adequately protect the interests of the class or that they, because of "unique defenses," are incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Finger Interests argues that the Public Pension Funds and the other pension fund movants cannot adequately represent the Section 14(a) shareholder class because they are former Merrill Lynch shareholders who benefitted from the merger. It claims that the relief sought by pre-existing BofA shareholders under Section 14(a) directly conflicts with the interests of the Public Pension Fund and other members of the Section 10(b) class because of their Merrill Lynch holdings. (Finger Interests Opp'n at 3-11).

Finger Interests' arguments are unavailing. At this early point in the litigation, its claim that an actual conflict exists between plaintiffs in the putative Section 10(b) and Section 14(a) classes remains speculative and premature. While the Public Pension Funds held shares in both BofA and Merrill Lynch prior to the merger, their pre-existing BofA shares were substantial -- nearly 35 million. By contrast, they held only around 8.8 million Merrill Lynch shares. (Public Pension Funds Reply Mem. at 5). The Public Pension Funds therefore have an enormous economic motivation to seek recovery on behalf of pre-existing BofA shareholders on both the Section 10(b) and Section 14(a) claims. See In re Elan Corp. Sec. Litig., No. 02 Civ. 865 (WKFM), 2002 WL 31720410, at **3-4 (S.D.N.Y. Dec. 3, 2002) (rejecting motion for separate lead plaintiff to be appointed where no clear conflict of interest existed). The suggestion that the Public Pension Funds, because of their Merrill Lynch holdings, would have wanted the merger to go through regardless

of the harm that it might cause to their pre-existing BofA investments is speculative.  No actual conflict of interest has been shown that would rebut the statutory presumption in favor of appointing the Public Pension Funds as lead plaintiff.

Finger Interests' proposed appointment as niche plaintiff for the Section 14(a) class would add to the expense of the litigation, to the detriment of BofA shareholders, and is not warranted under the circumstances.  "[A] wide ranging analysis under Rule 23 is not appropriate at this stage of the litigation and should be left for consideration of a motion for class certification."  In Re Bear Stearns, 2009 WL 50132, at *8 (Jan. 5, 2009) (alterations in the original) (citation and internal quotation marks omitted).  Whether subclasses are necessary to advance the interests of pre-existing BofA shareholders who did not hold Merrill Lynch stock may be revisited then.  See In re Elan Corp., 2002 WL 31720410, at *4; see also Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 325 (S.D.N.Y. 2004) (though lead plaintiff may face unique defenses, interests of different class members "not sufficiently differentiated to require the appointment of a 'niche' lead plaintiff at this time").

### c.   Lead Plaintiff's Selection of Counsel

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 87u-4(a)(3)(B)(iv). The Public Pension Funds have selected the law firms of Kaplan Fox, Bernstein Litowitz, and Barroway Topaz to serve as lead

- 17 -

counsel.  All three firms are highly experienced in prosecuting securities class actions.  Additionally, the firms indicate that they have implemented measures to limit legal fees and costs, including dividing labor among counsel for the sake of efficiency, requiring approval for significant expenses, and negotiating a competitive fee agreement with plaintiffs.  (Fox Decl. Ex. L; Supp. Fox Decl. Ex. A).  Accordingly, the Public Pension Funds' choice of counsel is approved.

## C.   Interim Lead Counsel In The Derivative and ERISA Actions

### 1.   Applicable Law

In complex cases, courts may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation.  Fed. R. Civ. P. 23(g)(3) provides that courts "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Interim class counsel's role is to "fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).  While not statutorily required, the appointment of interim class counsel may be helpful in "clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Federal Judicial Center, Manual For Complex Litigation § 21.11 (4th ed. 2004); see also MacAlister v. Guterma, 263 F.2d 65, 68-69 (2d Cir. 1958) (benefits of appointing lead counsel include eliminating duplication and repetition).

In appointing interim class counsel, courts must appoint the applicant "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).  Courts consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  They may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  These include:  "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel," In re Comverse Tech., Inc. Derivative Litig., No. 06 Civ. 1849 (NGG)(RER), 2006 WL 3761986, at **2-3 (S.D.N.Y. Sept. 22, 2006), as well as whether counsel "are qualified and responsible, . . . [whether] they will fairly and adequately represent all of the parties on their side, and . . . [whether] their charges will be reasonable." In re Bear Stearns, 2009 WL 50132, at *11 (quoting Manual For Complex Litigation § 10.22).

### 2. Application

#### a. Derivative Actions

The following putative plaintiffs have filed motions seeking appointment as lead derivative plaintiff and to have their counsel appointed lead counsel:

- 19 -

-- West Palm Beach Police Pension Fund, the Firemen's and Policemen's Pension and Relief Fund of the City of Tuscaloosa, and the Westmoreland County Employee Retirement System (together, the "Pension Funds") move for appointment as lead plaintiff and to have their counsel Scott + Scott LLP ("Scott + Scott") appointed as lead counsel; they are joined by plaintiff James F. Lehmann;

-- Edward Thomas Smith and Martin Siegel move for the appointment of Weiss & Lurie and The Brualdi Law Firm, P.C. ("The Brualdi Law Firm") as co-lead counsel; and

-- Louisiana Municipal Police Employees Retirement System ("LMPERS") and Hollywood Police Officers' Retirement System (together, the "Institutional Group") move for appointment as co-lead plaintiffs and to have their counsel KSF and Saxena White appointed as co-lead counsel.

After review of the factors and taking other considerations into account, I appoint the Institutional Group interim lead plaintiff and KSF and Saxena White interim co-lead counsel. As an initial matter, I note that all of the above law firms have demonstrated that they are experienced and qualified to serve as interim lead counsel. Each has experience handling complex litigation, including shareholder derivative suits, and has knowledge of the applicable law. The pleadings are also well-drafted and each firm has shown itself to be vigorous in its prosecution. My decision is based on the following.

First, the Institutional Group is comprised of two institutional investors who are well-suited to acting on behalf of the putative class prior to certification.  LMPERS is an experienced and active institutional litigant; it moreover has experience as a plaintiff in derivative actions on behalf of BofA and Merrill Lynch.  See Louisiana Mun. Police Employees Ret. Sys. v. Thain et al., No. 08 Civ. 7618 (PKC) (S.D.N.Y.); Louisiana Mun. Police Employees Ret. Sys. v. Lewis et al., No. 08 Civ. 4561 (N.D. Calif.).  Although the Pension Funds note that both actions were voluntarily dismissed after relatively little activity had occurred, this does not detract from LMPERS' experience and expertise.

Second, Saxena White has been involved as co-lead counsel in derivative litigation on behalf of Merrill Lynch.  See In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig., Master File No. 07 Civ. 9633 (JSR) (DFE) (S.D.N.Y.).  Though the actions are not related, there may well be overlap enhancing Saxena White's capabilities to act as an effective representative for the class in this action.

Finally, a co-lead counsel structure is appropriate, as Saxena White and KSF will be able to share resources and expertise for the litigation of the case during the pre-certification stage.  Contrary to the Pension Funds' assertion, there is no preference for only one law firm to be appointed lead counsel in cases such as the current action, with many different defendants and complicated issues.  Rather, appointment of multiple counsel is routine and widely accepted.

The other movants advance different arguments in favor of their own appointment and against the appointment of KFS and Saxena White and the Institutional Group.  In general, however, the different movants' criticism of each others' claims and pleadings is unconvincing.  All of the derivative complaints include roughly the same allegations; each also contains unique factual allegations, legal theories, and claims.  I need not determine which complaints are superior to the others.  Many, if not all, deficiencies in the different complaints may be cured when the Institutional Group files a consolidated derivative complaint, and differences among the complaints can also be addressed at that time.

Accordingly, the Institutional Group is appointed interim lead plaintiff in the derivative actions and KSF and Saxena White are appointed interim class counsel.

b.    **ERISA Actions**

The following plaintiffs have filed motions seeking appointment as lead ERISA plaintiff and/or lead counsel:

- Vernon Dailey, Rhonda Wilson, and Mark Adams move to have Harwood Feffer, Squitieri & Fearon, and Hagens Berman appointed interim co-lead counsel;

- Margaret Stricker and Michael Andrews move for Andrews to be appointed lead plaintiff and to have Johnson Bottini, LLP appointed as interim class counsel with Murray, Frank & Sailer LLP as liaison counsel;

- Leo Gilliam moves for appointment as interim lead plaintiff with Stanley Luboff and Robert E. Gaynor and to have Stull, Stull & Brody appointed as interim lead counsel;

- Alma Alvarez and Kelly Weigel move for appointment as interim lead plaintiff and to have Bailey & Glasser LLP and Schneider Wallace Cottrell Brayton Konecky LLP appointed as interim co-lead counsel; and

- Judy Calibuso moves for appointment as lead plaintiff and to have Lewis, Feinberg, Lee, Renaker & Jackson, P.C. ("Lewis Feinberg") and Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") appointed interim co-lead counsel, with Lieff Cabraser appointed as liaison counsel and Ferguson, Stein, Chambers, Gresham & Sumter, P.A. ("Ferguson Stein") and Outten & Golden, LLP ("Outten & Golden") appointed as additional counsel.

After review of the factors and taking other considerations into account, I appoint Harwood Feffer, Squitieri & Fearon, and Hagens Berman interim co-lead counsel, with no designation of interim lead plaintiff. Here, where all of the movants for interim lead plaintiff are individual Plan participants -- not active, experienced institutional litigants like LMPERS in the derivative actions -- the rationale for appointing an interim lead plaintiff is lacking. Appointing interim class counsel is sufficient to protect the interests of the class during the pre-certification period. Accordingly, I focus on the candidates for lead and co-lead class counsel.

As with the derivative actions, all of the law firms in the ERISA actions have demonstrated their experience and qualifications to serve as interim lead counsel. My decision is based on the following.

First, Harwood Feffer, Squitieri & Fearon, and Hagens Berman brought three of the eight ERISA claims. In addition to Dailey, Wilson, and Adams, plaintiff Lesley Wright also concurs in the proposed leadership structure, creating consensus among plaintiffs in four of the eight ERISA actions filed. (Berman, Harwood, Squitieri Joint Decl. ¶ 3).

Second, underscoring their ability to coordinate their activities and seek consensus, Harwood Feffer, Squitieri & Fearon, and Hagens Berman have already taken meaningful steps in the litigation to advance the interests of the putative class, including filing the first three complaints on behalf of Plan participants, obtaining Plan documents and requesting additional documents from BofA, interviewing and surveying class members, consulting with a financial expert about potential damages, communicating with defendants' counsel, and setting up a website with a description of the case and an invitation to Plan participants to register their interest in the case. (Id. ¶¶ 12-16). These actions not only demonstrate the firms' expertise, but also their ability to work cooperatively.

Last, both Harwood Feffer and Squitieri & Fearon are based in New York. Hagens Berman is based in Seattle but has attorneys in New York, as well.

Other movants' arguments against the appointment of the
Harwood Feffer group are unavailing.  The involvement of three
law firms is appropriate for a class action of this complexity.
Additionally, the conflicts of interest identified by the other
movants remain speculative and hypothetical at this point.
Finally, although the different movants argue against the quality
of the Dailey, Adams, and Wilson complaints, the pleadings are
well-drafted and, as discussed above with the derivative actions,
any differences among the complaints may be addressed with the
filing of a consolidated complaint.

Accordingly, Harwood Feffer, Squitieri & Fearon, and
Hagens Berman are appointed interim co-lead counsel.

## CONCLUSION

For the reasons set forth above, the securities,
derivative, and ERISA actions are each separately consolidated.
Future cases raising common questions of law and fact filed in
this Court or transferred to this Court will also be consolidated
into the appropriate consolidated case.

The Public Pension Fund group is appointed lead
plaintiff in the securities actions, and its choice for lead
counsel is approved.  The Institutional Group is appointed
interim lead plaintiff in the derivative actions and KSF and
Saxena White are appointed interim co-lead counsel.  Harwood
Feffer, Squitieri & Fearon, and Hagens Berman are appointed
interim co-lead counsel in the ERISA actions.

- 25 -

Lead counsel for each set of plaintiffs shall submit a proposed consolidation order on notice within ten days hereof. The parties shall meet and confer within twenty days hereof to agree upon an initial case management order for submission to the Court, for its approval.  They shall appear at a pre-trial conference on July 29, 2009, at 10 a.m. in Courtroom 11A.

SO ORDERED.

Dated:    New York, New York
          June 30, 2009

_____
DENNY CHIN
United States District Judge

- 26 -

## APPEARANCES

Attorneys for Plaintiff Sklar:

        WOLF POPPER LLP
            By:  Lester L. Levy, Esq.
                James A. Harrod, Esq.
                Natalie M. Mackiel, Esq.
        845 Third Avenue
        New York, New York  10022

Attorneys for Plaintiff Finger Interests Number One, Ltd.:

        SUSMAN GODFREY LLP
            By:  Stephen D. Susman, Esq.
        654 Madison Avenue, 5th Floor
        New York, New York  10065-8440

            By:  Harry P. Susman, Esq.
                Alexander Kaplan, Esq.
        1000 Louisiana Street, Suite 5100
        Houston, Texas  77002-5096

Attorneys for Plaintiff Fort Worth Employees' Retirement Fund:

        BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
            By:  Gerald H. Silk, Esq.
                Salvatore J. Graziano, Esq.
                Noam Mandel, Esq.
        1285 Avenue of the Americas
        New York, New York  10019

        ABRAHAM, FRUCHTER & TWERSKY, LLP
            By:  Jeffrey S. Abraham
        One Penn Plaza, Suite 2805
        New York, New York  10019

Attorneys for Plaintiff Palumbo:

        ZWERLING, SCHACHTER & ZWERLING, LLP
            By:  Richard A. Speirs, Esq.
                Stephanie E. Kirwan, Esq.
        41 Madison Avenue
        New York, New York 10010

        CRIDEN & LOVE, P.A.
            By:  Michael E. Criden, Esq.
        7301 S.W. 57th Court, Suite 515
        South Miami, Florida  33143

Attorneys for Plaintiff Zitner:

        COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
             By:  Samuel H. Rudman, Esq.
                  David A. Rosenfeld, Esq.
        58 South Service Road, Suite 200
        Melville, New York  11747

             By:  Patrick J. Coughlin, Esq.
                  Darren J. Robbins, Esq.
                  David C. Walton, Esq.
                  Catherine J. Kowalewski, Esq.
        655 West Broadway, Suite 1900
        San Diego, California  92101

        HOLZER HOLZER & FISTEL, LLC
             By:  Michael I. Fistel, Jr., Esq.
                  Marshall Pierce Dees, Esq.
        200 Ashford Center North, Suite 300
        Atlanta, Georgia  30338

Attorneys for Plaintiff Stabbert:

        MICHAEL A. JACOBS, ESQ.
        31 Lake Street, P.O. Box 159
        Stamford, New York  12167

Attorneys for Plaintiff Welikson:

        LAW OFFICE OF KENNETH A. ELAN
            By:  Kenneth A. Elan, Esq.
        217 Broadway, Suite 606
        New York, New York  10007

        LAW OFFICES OF BERNARD M. GROSS, P.C.
            By:  Deborah R. Gross, Esq.
                  Robert P. Frutkin, Esq.
        100 Penn Square East, Suite 450
        Philadelphia, Pennsylvania  19107

Attorneys for Plaintiffs West Palm Beach Firefighters' Pension
Fund and Firemen's and Policemen's Pension and Relief Fund of
City of Tuscaloosa:

        SCOTT + SCOTT, LLP
            By:  Beth A. Kaswan, Esq.
                  Joseph Gugliemo, Esq.
        29 West 57th Street, 14th Floor
        New York, New York  10019

```
                    DOYLE LOWTHER, LLP
                          By:  William J. Doyle II, Esq.
                               John A. Lowther IV, Esq.
                               James R. Hail, Esq.
                    9466 Black Mountain Road, Suite 210
                    San Diego, California  92126
```

Attorneys for Plaintiff Fauerbach:

```
                    MICHAEL A. JACOBS, ESQ.
                    31 Lake Street
                    P.O. Box 159
                    Stamford, New York  12167
```

Attorneys for Plaintiff Raphael:

```
                    LAW OFFICE OF KLARI NEUWELT
                          By:  Klari Neuwelt, Esq.
                    110 East 59th Street, 29th Floor
                    New York, New York  10022
```

Attorneys for Plaintiff Bahnmaier:

```
                    FEDERMAN & SHERWOOD
                          By:  William B. Federman, Esq.
                    10205 North Pennsylvania
                    Oklahoma City, Oklahoma  73120
```

Attorneys for Plaintiff Cromier and Culbertson:

```
                    COTCHETT PITRE & MCCARTHY
                          By:  Gerald S. Ohn, Esq.
                    840 Malcolm Road, Suite 200
                    Burlingame, California  94010
```

Attorneys for Plaintiff Louisiana Municipal Police Employees Retirement System:

```
                    KAHN SWICK & FOTI LLC
                          By:  Lewis Kahn, Esq.
                               Albert M. Myers, Esq.
                               Kevin Oufnac, Esq.
                    650 Poydras Street, Suite 2150
                    New Orleans, Louisiana  70130

                          By:  Michael Swick, Esq.
                    12 East 41st Street, 12th Floor
                    New York, New York 10017
```

Attorneys for Plaintiff Waldman:

                    ROY JACOBS & ASSOCIATES
                        By:   Roy L. Jacobs, Esq.
                    60 East 42nd Street
                    New York, New York   10165

                    PASKOWITZ & ASSOCIATES
                        By:   Laurence D. Paskowitz, Esq.
                    60 East 42nd Street
                    New York, New York   10165

Attorneys for Plaintiff Hollywood Police Officers' Retirement
System:

                    LAW OFFICES OF CURTIS V. TRINKO, LLP
                        By:   Curtis V. Trinko, Esq.
                              Wai K. Chan, Esq.
                    16 West 46th Street, 7th Floor
                    New York, New York   10036

                    SAXENA WHITE P.A.
                        By:   Maya Saxena, Esq.
                              Joseph E. White III, Esq.
                              Christopher S. Jones, Esq.
                              Lester R. Hooker, Esq.
                    2424 North Federal Highway, Suite 257
                    Boca Raton, Florida   33431

Attorneys for Plaintiff Siegel:

                    THE BRUALDI LAW FIRM, P.C.
                        By:   Richard B. Brualdi, Esq.
                              Sue Lee, Esq.
                    29 Broadway, 24th Floor
                    New York, New York   10006

Attorneys for Plaintiff Smith:

                    WEISS & LURIE
                        By:   Joseph H. Weiss, Esq.
                              Moshe Balsam, Esq.
                              Jack I. Zwick, Esq.
                    551 Fifth Avenue
                    New York, New York   10176

Attorneys for Plaintiff Lehmann:

                    SCOTT + SCOTT, LLP
                        By:   Joseph P. Guglielmo, Esq.
                              Beth Ann Kaswan, Esq.
                    29 West 57th Street, 14th Floor
                    New York, New York   10019

```
                    By:  David R. Scott, Esq.
                    108 Norwich Avenue
              P.O. Box 192
              Colchester, CT  06415

              DOYLE LOWTHER LLP
                    By:  William J. Doyle II, Esq.
                         James R. Hail, Esq.
                         John A. Lowther, Esq.
              9466 Black Mountain Road, Suite 210
              San Diego, California  92126

Attorneys for Plaintiff Young:

              GARWIN GERSTEIN & FISHER LLP
                    By:  Scott W. Fisher, Esq.
                         Kevin Landau, Esq.
              1501 Broadway, Suite 1416
              New York, New York  10036

Attorneys for Plaintiff Anderson:

              LAW OFFICE OF CHRISTOPHER J. GRAY
                    By:  Christopher J. Gray, Esq.
              460 Park Avenue, 21st Floor
              New York, New York  10022

              LAW OFFICES OF NICHOLAS KOLUNCICH III, LLC
                    By:  Nicholas Koluncich
              6501 Americas Parkway NE
              One Park Square, Suite 620
              Albuquerque, New Mexico  87110

Attorneys for Plaintiff West Palm Beach Firefighters Pension
Fund:

              COUHGLIN STOIA GELLER RUDMAN & ROBBINS LLP
                    By:  Samuel H. Rudman, Esq.
                         David A. Rosenfeld, Esq.
              58 South Service Road, Suite 200
              Melville, New York  11747

                    By:  Darren J. Robbins, Esq.
                         David C. Walton, Esq.
                         Catherine J. Kowalewski, Esq.
              655 West Broadway, Suite 1900
              San Diego, California  92101-3301
```

Attorneys for Plaintiff Westmoreland County Employee Retirement System:

        SCOTT + SCOTT, LLP
            By:   Beth A. Kaswan, Esq.
                Joseph Gugliemo, Esq.
        29 West 57th Street, 14th Floor
        New York, New York 10019

        DOYLE LOWTHER LLP
            By:   William J. Doyle II, Esq.
                John A. Lowther IV, Esq.
                James R. Hail, Esq.
        9466 Black Mountain Road, Suite 210
        San Diego, California 92126

Attorneys for Plaintiff Dailey:

        HARWOOD FEFFER LLP
            By:   Robert I. Harwood, Esq.
                Peter W. Overs, Jr., Esq.
        488 Madison Avenue, 8th Floor
        New York, New York  10022

        MAJOR KAHN, LLC
            By:   Major Kahn, Esq.
        20 Bellevue Street
        Weekhawken, New Jersey 07086

Attorneys for Plaintiff Wilson:

        SQUITIERI & FEARON, LLP
            By:   Lee Squitieri, Esq.
        32 East 57th Street, 12th Floor
        New York, New York  10022

Attorneys for Plaintiff Adams:

        SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.
            By:   Christopher Lometti, Esq.
                Frank R. Schirripa, Esq.
        19 Fulton Street, Suite 406
        New York, New York  10038

        HAGENS BERMAN STOBOL SHAPIRO LLP
            By:   Steve W. Berman, Esq.
                Andrew M. Volk, Esq.
                Nick Styant-Browne, Esq.
        1301 Fifth Avenue, Suite 2900
        Seattle, Washington  98101

Attorneys for Plaintiff Wright:

        GAINEY & MCKENNA
           By:   Thomas J. McKenna, Esq.
        295 Madison Avenue, 4th Floor
        New York, New York   10017

Attorneys for Plaintiff Stricker:

        MURRAY, FRANK & SAILER LLP
           By:   Brian P. Murray, Esq.
        275 Madison Avenue, Suite 801
        New York, New York 10016-1101

        JOHNSON BOTTINI, LLP
           By:   Francis A. Bottini, Jr., Esq.
               Frank J. Johnson, Esq.
               Brett M. Weaver, Esq.
               Albert Y. Chang, Esq.
        655 West Broadway, Suite 1400
        San Diego, California   92101

Attorneys for Plaintiff Gilliam:

        STULL, STULL & BRODY
           By:   Jules Brody, Esq.
               Edwin J. Mills, Esq.
               Michael J. Klein, Esq.
        6 East 45th Street
        New York, New York   10017

Attorneys for Plaintiff Alvarez:

        BAILEY & GLASSER LLP
           By:   Athanasios Basdekis, Esq.
               Brian A. Glasser, Esq.
               Michael L. Murphy, Esq.
        209 Capitol Street
        Charleston, West Virginia   25301

Attorneys for Plaintiff Calibuso:

        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
           By:   Steven E. Fineman, Esq.
               Rachel Geman, Esq.
        250 Hudson Street, 8th Floor
        New York, New York   10013

Attorneys for Defendants:

WACHTELL, LIPTON, ROSEN & KATZ
     By:  Peter C. Hein, Esq.
          Eric M. Roth, Esq.
          Andrew Houston, Esq.
          Jonathan E. Goldin, Esq.
          Keola Robert Whittaker, Esq.
51 West 52nd Street
New York, New York  10019

DAVIS POLK & WARDWELL
     By:  Lawrence Portnoy, Esq.
          Charles S. Duggan, Esq.
          Douglas K. Yatter, Esq.
450 Lexington Avenue
New York, New York  10017

DEBEVOISE & PLIMPTON LLP
     By:  Gary W. Kubek, Esq.
919 Third Avenue
New York, New York  10022

DECHERT LLP
     By:  Andrew Levander, Esq.
          David Hoffner, Esq.
1095 Avenue of the Americas
New York, New York  10036

     By:  Jennie Boehm Krasner
P.O. Box 5218
Princeton, New Jersey  08540

CRAVATH, SWAINE & MOORE LLP
     By:  Robert D. Joffe, Esq.
          Richard W. Clary, Esq.
          Julie A. North, Esq.
825 Eighth Avenue
New York, New York  10019

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
     By:  Charles E. Davidow, Esq.
2001 K Street, N.W.
Washington, D.C.  20006-1047

     By:  Brad S. Karp, Esq.
1285 Avenue of the Americas
New York, New York  10019

SULLIVAN & CROMWELL LLP
     By:  Richard C. Pepperman II, Esq.
125 Broad Street
New York, New York  10004

```
                    SHEARMAN & STEARLING LLP
                         By:   Stuart Baskin, Esq.
                               Adam S. Hakki, Esq.
                               Herbert S. Washer, Esq.
                               Terence Gilroy, Esq.
                    599 Lexington Avenue
                    New York, New York   10022
```

Attorneys for Movants Institutional Investor Group:

```
                    COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
                    (see above)
```

Attorneys for Movants Public Pension Funds:

```
                    BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP
                         By:   Sean M. Handler, Esq.
                    280 King of Prussia Road
                    Radnor, Pennsylvania   19087

                    KAPLAN FOX & KILSHEIMER LLP
                         By:   Donald R. Hall, Jr., Esq.
                               Frederic Scott Fox, Esq.
                               Robert N. Kaplan, Esq.
                    850 Third Avenue
                    14th Floor
                    New York, New York   10022

                    BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
                    (see above)
```

Attorneys for Movants California Funds:

```
                    GIRARD GIBBS LLP
                         By:   Jonathan K. Levine, Esq.
                    601 California Street, Suite 1400
                    San Francisco, California   94108

                    GRANT & EISENHOFER, P.A.
                         By:   Jay W. Eisenhofer
                    485 Lexington Avenue, 29th Floor
                    New York, New York 10007
```

Attorneys for Movants Finger Interests Number One, Ltd.:

```
                    SUSMAN GODFREY LLP
                    (see above)
```

Attorneys for Movants Pension Funds:

```
                    SCOTT + SCOTT LLP
                    (see above)
```

Attorneys for Movants Smith and Siegel:

        WEISS & LURIE
        (see above)

        THE BRUALDI LAW FIRM, P.C.
        (see above)

Attorneys for Movants the Institutional Group

        KAHN SWICK & FOTI LLC
        (see above)

        SAXENA WHITE P.A.
        (see above)

Attorneys for Movant Calibuso:

        LIEFF CABRASER HEIMANN & BERNSTEIN LLP
        (see above)

        LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
            By:   Jeffrey Lewis, Esq.
                Teresa Renaker, Esq.
                Margaret Hasselman, Esq.
        1330 Broadway, Suite 1800
        Oakland, California  94612

        FERGUSON, STEIN, CHAMBERS, GRESHAM & SUMTER, P.A.
            By:   Geraldine Sumter, Esq.
                 C. Margaret Errington, Esq.
        741 Kenilworth Avenue, Suite 300
        Charlotte, North Carolina  28204

        OUTTEN & GOLDEN, LLP
            By:   Jack A. Raisner
        3 Park Avenue, 29th Floor
        New York, New York  10016

Attorneys for Movants Andrews and Stricker:

        MURRAY, FRANK & SAILER LLP
        (see above)

        JOHNSON BOTTINI, LLP
        (see above)

Attorneys for Movants Gilliam, Luboff, Gaynor:

        STULL, STULL & BRODY
        (see above)

Attorneys for Movant Alvarez:

        BAILEY & GLASSER LLP
        (see above)

        SCHNEIDER, WALLACE, COTTRELL, BRAYTON, KONECKY LLP
            By:  Todd N. Schneider, Esq.
                Mark T. Johnson, Esq.
        180 Montgomery Street, Suite 2000
        San Francisco, California 94104

            By:  Garrett W. Wotkyns, Esq.
        7702 E. Doubletree Ranch Road, Suite 300
        Scottsdale, Arizona  85258

Attorneys for Movants Dailey, Wilson, and Adams:

        HARWOOD FEFFER LLP
        (see above)

        SQUITIERI & FEARON, LLP
        (see above)

        HAGENS BERMAN SOBOL SHAPIRO LLP
        (see above)