USDS SDNY
DOCUMENT
ELECTRONIC      FILED
DOC #: _____
DATE FILED: 5-14-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION
-----------------------------------------------------------x
THIS DOCUMENT RELATES TO:

CONSOLIDATED DERIVATIVE ACTION
-----------------------------------------------------------x

Master File No. 09 MD 2058 (PKC)

MEMORANDUM AND ORDER

CASTEL, District Judge:

    On April 12, 2012, counsel for the parties in the above-captioned Consolidated Derivative Action wrote to the Court stating that they had executed a memorandum of understanding (the "MOU") to settle this action. (Docket # 540; Docket # 559 Ex. E.) At the parties' request, the Court granted a stay of all deadlines in the case. (Docket # 540.) As described by the parties, the settlement would result in payment to Bank of America Corp. ("BofA") of $20 million and the adoption of certain by-law amendments. It would release all derivative claims on behalf of BofA and require dismissal of all claims in this derivative action.

    On April 13, 2012, Nancy Rothbaum and Ann B. Houx (the "Proposed Intervenors") presented a proposed order requiring the parties in the Consolidated Derivative Action to show cause why the lead plaintiffs "should not be enjoined from consummating a grossly inadequate $20 million settlement that is the product of collusion and a reverse-auction." (Docket # 541; Pet. at 1.) Along with seeking an injunction against the settlement, the Proposed Intervenors sought an order removing the co-lead counsel for plaintiffs in this case, removal of the co-lead plaintiffs, and the appointment of Ms. Rothbaum and Ms. Houx as lead plaintiffs and their counsel as lead counsel. (Docket # 541.) Ms. Rothbaum and Ms. Houx are lead plaintiffs in In re Bank of America Corporation Stockholder Derivative Litigation, C.A. No. 4307-CS

(Del. Ch. Ct.), a parallel derivative action pending before the Hon. Leo E. Strine, Jr., Chancellor of the Delaware Court of Chancery. The Proposed Intervenors invoke Rules 23(d)(1) and 24, Fed. R. Civ. P., which govern, respectively, a court's authority to manage a class action and a non-party's intervention. (Pet. at 1.) In response to the Proposed Intervenors' application, the Court directed briefing. (Docket # 541.)

In the Consolidated Derivative Action, the plaintiffs bring claims on behalf of BofA, alleging that BofA's directors and officers violated federal and state laws during BofA's acquisition of Merrill Lynch & Co., Inc. The derivative plaintiffs bring claims on behalf of BofA, and seek payment of money damages to BofA itself. The alleged injuries in the derivative case are distinct from those asserted in a related securities fraud class action, in which shareholders seek to recover damages from BofA, among others. See In re Bank of Am. Corp. Sec., Derivative and Emp. Ret. Income Sec. Act (ERISA) Litig., 757 F. Supp. 2d 260, 291-92 (S.D.N.Y. 2010).

The Proposed Intervenors argue that the terms of settlement, as reflected in the MOU, are inadequate in light of the likely overall damages and available insurance coverage. They also argue that the plaintiffs and defendants have orchestrated a "collusive scheme" to reach an undervalued settlement, motivated by a desire of the plaintiffs' attorneys to accrue a fees award and the defendants' hopes of avoiding a higher damages award in the Delaware action. (Pet. at 8-19.) The Proposed Intervenors further argue that the derivative plaintiffs have not conducted meaningful discovery, and that their own intervention will ensure the adequacy of settlement. (Pet. at 20-24.)[1]

---

[1] I need not address the Proposed Intervenors' arguments first raised in reply as to the plaintiffs' purported lack of Article III standing and their contentions that plaintiffs traded Bank of America stock while in possession of material non-public information. (Reply at 2-6.) See Lore v. City of Syracuse, 670 F.3d 127, 149 (2d Cir. 2012). While the Proposed Intervenors have not set forth evidence to support their arguments, the Court sua sponte directs the

For the reasons explained, such arguments are best raised in the settlement approval process governed by Rule 23.1, Fed. R. Civ. P. Under Rule 23.1(c), "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders."

The Second Circuit has described Rule 23.1 settlement approval as an "adversarial process" that tests the fairness of a proposed settlement. Kaplan v. Rand, 192 F.3d 60, 67 (2d Cir. 1999). Under Rule 23.1, a district court considers any shareholder objections at a hearing on the terms of the proposed settlement. Blatt v. Dean Witter Reynolds InterCapital, Inc., 732 F.2d 304, 307 n.1 (2d Cir. 1984). "[T]here is no need for the stockholder to intervene formally in the action or to be a party to it" in order to preserve his or her rights as an objector. Kaplan, 192 F.3d at 67. Shareholders and the Court should closely scrutinize a proposed derivative settlement, because "in seeking court approval of their settlement proposal, plaintiffs' attorneys and defendants' interests coalesce and mutual interest may result in mutual indulgence." Id. (quotation marks omitted). "[T]he policy of assuring the fairness to shareholders . . . underlies the requirement of court approval." Id.; accord Spira v. Nick, 1997 WL 793052, at *2 (S.D.N.Y. Dec. 29, 1997) (Kaplan, J.) ("In assessing the adequacy under Rule 23.1 of the settlement of a derivative action, the principal factor is the extent of the benefit to be derived by the entity on whose behalf the action is brought, a matter which must be considered in light of the maximum possible recovery, the risks of litigation, and the costs of prolonging the case.") (citing Bell Atl. Corp. v. Bolger, 2 F.3d 1304, 1311 (3d Cir. 1993)); Blatt, 732 F.2d at

---

plaintiffs to file within 14 days an affidavit addressing whether each derivative plaintiff satisfies the "continuous ownership" requirement of Delaware law and otherwise has standing to bring the claims.

307 n.1. As the Proposed Intervenors' arguments are directed to the settlement's ultimate fairness and adequacy, they are best weighed alongside those of other likely objectors.

At this point the parties have executed only a MOU, which is "an agreement in principle which, when reduced to a settlement agreement . . . is intended to be a full and final resolution of the Released Claims . . . ." (Docket # 559 Ex. E at 3.) A review of the merits of any settlement is premature.

The Second Circuit has recognized four relevant considerations for granting a motion to intervene under Rule 24:

> Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Farmland Dairies v. Commissioner of New York Dep't of Agric. & Mkts., 847 F.2d 1038, 1043 (2d Cir. 1988) (emphasis in original). As to the first factor, the Proposed Intervenors' application is not timely. The derivative action before this Court was filed in January 2009 (see 09 Civ. 580) and the Proposed Intervenors do not deny knowledge of its pendency. Under the third factor, the Proposed Intervenors have not adequately explained why intervention is required to protect their interests, as distinguished from exercising their rights as objectors under Rule 23.1. Separately, Rule 24(c) requires that any motion for intervention "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Proposed Intervenors have not submitted any such pleading.

For the foregoing reasons, the relief sought by the Proposed Intervenors in their proposed order to show cause and the attached petition is DENIED. Plaintiffs shall file the affidavit described in Note 1 within 14 days.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 14, 2012